UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER JOHN DAVIS, Plaintiff/Judgment Creditor, v. DANIEL ROBERT GRESHAM, Defendant/Judgment Debtor, and THE STANDARD FIRE INSURANCE COMPANY, Garnishee, and DOUGLAS N. GOULD, trustee of the bankruptcy estate of Daniel Robert Gresham, Case No. BK-21-13349 (Bankr. W.D. Okla.), Intervenor Plaintiff, v. THE STANDARD FIRE INSURANCE COMPANY, Defendant. | Case No. CIV-22-871-G |

## ORDER

Now before the Court is a Motion to Reconsider (Doc. No. 30) filed by Plaintiff/Judgment Creditor Christopher John Davis ("Plaintiff"). No other party has responded to Plaintiff's Motion.

I.     *Background*

This action stems from a personal injury lawsuit filed in Oklahoma state court by Plaintiff against Defendant/Judgment Debtor Daniel Robert Gresham ("Gresham"). On September 1, 2021, a jury found Gresham liable for money damages, and judgment was entered for Plaintiff two weeks later.

On December 30, 2021, Gresham filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), thereby triggering the automatic stay on collections. *See In re Gresham*, No. 21-13349 (Bankr. W.D. Okla.). On July 22, 2022, the Bankruptcy Court lifted the automatic stay for the limited purpose of allowing Plaintiff to seek recovery from Gresham's liability insurer.

On September 13, 2022, Plaintiff initiated a garnishment proceeding in Oklahoma state court by filing, in the state-court lawsuit, a garnishment affidavit that identified Gresham as the judgment debtor, Gresham's insurer The Standard Fire Insurance Company ("Standard Fire") as the garnishee, and the total debt as $3,308,302.75. *See* Garn. Aff. (Doc. No. 1-2, at 11-12) at 11. Standard Fire answered and claimed, among other things, that Gresham was not indemnified under the relevant policy.

The Bankruptcy Trustee for Gresham's bankruptcy estate then moved to intervene to assert claims against Standard Fire. On September 23, 2022, the state court granted the Bankruptcy Trustee's unopposed motion to intervene. The Bankruptcy Trustee, as Intervenor Plaintiff, then pleaded claims of breach of contract and breach of the duty of good faith and fair dealing against Standard Fire.

Standard Fire removed the action to this Court on the basis of diversity jurisdiction and filed a Motion to Dismiss (Doc. No. 7) the claims brought by the Bankruptcy Trustee. On August 21, 2024, the Court denied the Bankruptcy Trustee's request for remand. *See* Order of Aug. 21, 2024 (Doc. No. 26).

On September 30, 2024, the Court ordered that Plaintiff's garnishment claims and Standard Fire's Motion to Dismiss be stayed and held in abeyance pending further order of the Court. *See* Order of Sept. 30, 2024 (Doc. No. 27).

II.   *The Status Conference and Plaintiff's Motion to Reconsider*

The Court conducted a status conference on October 18, 2024, with counsel for the parties in attendance. *See* Doc. No. 34. A subject discussed was the accuracy of the finding in the Court's Orders of August 21, 2024, and September 30, 2024, that "[o]n April 22, 2022, the Bankruptcy Court discharged Gresham's judgment debt." Order of Aug. 21, 2024, at 2; *see also id.* at 6 n.3, 8; Order of Sept. 30, 2024, at 2. The Court instructed Plaintiff and the Bankruptcy Trustee that they may file any motions to reconsider the Court's prior denial of remand within 14 days.

Plaintiff then timely filed the instant Motion to Reconsider (Doc. No. 30). The Bankruptcy Trustee has adopted the arguments made by Plaintiff therein. *See* Bankr. Tr.'s Suppl. Br. (Doc. No. 32) at 3. Standard Fire did not respond to the Motion to Reconsider but addressed the issue of the discharge of Gresham's judgment debt in a Supplemental Brief (Doc. No. 33). *See id.* at 7-13.

The parties strenuously disagree as to whether the Bankruptcy Court has discharged—i.e., released Gresham from personal liability as to—the judgment debt

3

entered in Plaintiff's favor in the underlying state-court action. Plaintiff and the Bankruptcy Trustee argue that the Court erred in so finding. They argue that this specific debt has not been discharged, noting that Plaintiff filed an adversary proceeding in the Bankruptcy Court to object that the debt was not dischargeable pursuant to 11 U.S.C. § 523(a)(9). *See* Pl.'s Mot. to Reconsider at 3-5; *Davis v. Gresham*, Adv. No. 22-01024 (Bankr. W.D. Okla.); *see also* Fed. R. Bankr. P. 7001(f). Standard Fire responds that, pursuant to the relevant authorities, the Bankruptcy Court's general discharge of Gresham's debts included a discharge of the judgment debt. *See* Standard Fire's Suppl. Br. at 7-13 ("[T]he Court made no error. Gresham's debt to Davis is discharged.").

The Court concludes that there is a genuine dispute in this case as to the current status of the judgment debt.[1] Significantly, however, there has been no contention or showing that this status is material to the dispositions made in the Court's Orders of August 21, 2024, and September 30, 2024, or that the Court must make a finding as to whether the judgment debt has been discharged in order to proceed with the claims raised by the parties herein. *See* Pl.'s Mot. to Reconsider at 9; Bankr. Tr.'s Suppl. Br. at 3.

Accordingly, the Court was and is not required to reach the issue of whether Gresham's judgment debt has been discharged for bankruptcy purposes. The Court concurs with Plaintiff that superseding amended orders should be issued to avoid any confusion or prejudice from the Court's previous finding in the affirmative.

---

[1] The publicly available Bankruptcy Court dockets reflect that the adversary proceeding is being held in abeyance, such that no determination of the dischargeability of the judgment debt has yet been made by that court. *See Davis*, Order of Nov. 30, 2022 (Doc. No. 21).

CONCLUSION

For the reasons outlined herein, Plaintiff's Motion to Reconsider (Doc. No. 30) is GRANTED.

The Court hereby WITHDRAWS AND VACATES its finding that "[o]n April 22, 2022, the Bankruptcy Court discharged Gresham's judgment debt."  Order of Aug. 21, 2024, at 2, 6 n.3, 8; Order of Sept. 30, 2024, at 2.  The Court shall issue superseding amended orders consistent with this disposition.

The Clerk of Court is directed to VACATE the Court's Orders of August 21, 2024 (Doc. No. 26) and September 30, 2024 (Doc. No. 27) and to update the case docket accordingly.

IT IS SO ORDERED this 12th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge