UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER JOHN DAVIS, ) <br> ) <br> Plaintiff/Judgment Creditor, ) <br> ) <br> v. ) <br> ) <br> DANIEL ROBERT GRESHAM, ) <br> ) <br> Defendant/Judgment Debtor, ) <br> ) <br> and ) <br> ) <br> THE STANDARD FIRE INSURANCE ) <br> COMPANY, ) <br> ) <br> Garnishee, ) <br> ) <br> and ) <br> ) <br> DOUGLAS N. GOULD, trustee of the ) <br> bankruptcy estate of Daniel Robert ) <br> Gresham, Case No. BK-21-13349 ) <br> (Bankr. W.D. Okla.), ) <br> ) <br> Intervenor Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STANDARD FIRE INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. CIV-22-871-G |

## AMENDED ORDER

This Order supersedes the Order of the Court issued August 21, 2024. The Court's previous order (Doc. No. 26) is VACATED.

Now before the Court is Intervenor Plaintiff Douglas N. Gould's (the "Bankruptcy Trustee") Motion to Remand (Doc. No. 9). Garnishee-Defendant The Standard Fire

Insurance Company ("Standard Fire") has filed a Response in opposition (Doc. No. 10). The Bankruptcy Trustee has filed a Reply in further support of his Motion (Doc. No. 11). Standard Fire has submitted a surreply to the Bankruptcy Trustee's Reply, with leave of the Court (Doc. No. 19).

## BACKGROUND

This action stems from a personal injury lawsuit filed in Oklahoma state court by Plaintiff/Judgment Creditor Christopher John Davis against Defendant/Judgment Debtor Daniel Robert Gresham (the "Original Action"). *See Davis v. Gresham*, No. CJ-2019-780 (Okla. Cnty. Dist. Ct.) (the "Docket Sheet").[1] Standard Fire, Gresham's insurer, defended Gresham in the Original Action. *See* Mot. to Dismiss (Doc. No. 7) at 12. On September 1, 2021, a jury found Gresham liable for money damages, and judgment was entered two weeks later. *See* Docket Sheet.

On December 30, 2021, Gresham filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), thereby triggering the automatic stay on collections in the Original Action. *See* Voluntary Bankr. Pet. (Doc. No. 7-9); 11 U.S.C. § 362. On July 22, 2022, the Bankruptcy Court lifted the automatic stay for the limited purpose of allowing Davis to seek recovery in the Original Action from any liability insurer of Gresham's. *See* Modification Order (Doc. No. 8-1) at 4.

---

[1] The Court takes judicial notice of the state-court docket, which is publicly available at https://www.oscn.net.

On September 13, 2022, Davis initiated a garnishment proceeding in Oklahoma state court by filing, in the Original Action, a garnishment affidavit that named Gresham as the judgment debtor, Standard Fire as the garnishee, and the total debt as $3,308,302.75. *See* Garn. Aff. (Doc. No. 1-2, at 11-12) at 11. Standard Fire answered and claimed, among other things, that Gresham was not covered for indemnity under the policy. *See* Non-Cont. & Gen. Garn. Answer (Doc. No. 1-3) at 1.

The Bankruptcy Trustee for Gresham's bankruptcy estate then moved to intervene to assert claims against Standard Fire. *See* Bankr. Tr.'s Mot. to Intervene (Doc. No. 8-3). On September 23, 2022, the state court granted the Bankruptcy Trustee's unopposed Motion to Intervene. *See* Doc. No. 8-4. On September 30, 2022, the Bankruptcy Trustee, as Intervenor Plaintiff, asserted claims of breach of contract and breach of the duty of good faith and fair dealing against Standard Fire. *See* Bankr. Tr.'s Pet. (Doc. No. 8-5) at 4-5.

On October 3, 2022, Standard Fire removed this action to federal court on the basis of diversity jurisdiction. *See* Notice of Removal (Doc. No. 1) ¶¶ 7-11. The Bankruptcy Trustee now seeks remand. *See* Mot. to Remand at 2; 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). As relevant here, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

"Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). In other words, "the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Resendiz v. Progressive Direct Ins. Co.*, 672 F. Supp. 3d 1158, 1161 (D.N.M. 2023) (internal quotation marks omitted). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

## DISCUSSION

The Bankruptcy Trustee moves for remand on the grounds that there is not complete diversity of citizenship among the parties, that the case was untimely removed, and that Standard Fire did not obtain consent from Gresham prior to removing. *See* Mot. to Remand at 2, 4.

A. *Diversity of Citizenship*

Plaintiff/Judgment Creditor Davis and Defendant/Judgment Debtor Gresham are both citizens of Oklahoma. *Id.* at 2; Resp. at 7.[2] Standard Fire is a citizen of Connecticut

---

[2] It is unsettled whether courts are to consider the citizenship of the bankruptcy trustee or the bankruptcy debtor for purposes of 28 U.S.C. § 1332. *See Transamerica Life Ins. Co. v. Talley*, No. 14-CV-01412, 2015 WL 5093206, at *7 n.10 (D. Colo. Aug. 31, 2015). As noted, Judgment Debtor Gresham is a citizen of Oklahoma, as is Judgment Creditor Davis. The parties agree that the late bankruptcy trustee Susan Manchester was a citizen of Oklahoma. *See* Notice of Removal ¶ 8; Mot. Remand at 2 n.1. Based on a review of the record, the Court assumes that the current Bankruptcy Trustee is also a citizen of Oklahoma. As a result, the Court need not decide which party's citizenship is relevant for purposes of § 1332.

4

for diversity purposes. Notice of Removal ¶ 9. The Bankruptcy Trustee argues that because both Davis and Gresham are citizens of Oklahoma, there is not complete diversity among the parties as required by 28 U.S.C. § 1332. *See* Mot. to Remand at 2.

"Under Oklahoma law a garnishment proceeding is an action separate from the action seeking to establish liability . . . ." *Spriggs v. Wolf*, 496 F. Supp. 990, 991 (W.D. Okla. 1979). Accordingly, garnishment actions commenced in Oklahoma state court may be removed to federal court if the requisite amount in controversy is established and diversity of citizenship exists. *See id.*; *see also Clements v. Cords*, No. CIV-20-974-R, 2020 WL 7755656, at *2 (W.D. Okla. Dec. 29, 2020) (noting that the underlying liability action is "a separate action" "under the same case number" as the garnishment proceeding).

"Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). But diversity jurisdiction cannot be established or defeated "by the parties' own determination of who are plaintiffs and who defendants"—it is the Court's duty "to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (internal quotation marks omitted).

"'In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship.'" *Thames v. Evanston Ins. Co.*, No. 13-CV-425, 2014 WL 991722, at *3 (N.D. Okla. Mar. 13, 2014) (quoting *Smotherman v. Caswell*, 755 F. Supp. 346, 348 (D. Kan. 1990)); *see also Clements*, 2020 WL 7755656,

5

at *1-2 (denying motion to remand in garnishment action where Oklahoma judgment creditor had secured default judgment against Oklahoma judgment debtor, judgment creditor instituted garnishment action against judgment debtor's non-Oklahoma insurer, and the insurer removed to federal court).

Here, insurer Standard Fire denies that Gresham has coverage under its policy and opposes the garnishment on that basis. *See* Non-Cont. & Gen. Garn. Answer at 1; Mot. to Dismiss at 10-26. Accordingly, Davis' and Gresham's interests are aligned for purposes of the garnishment action and the determination of diversity jurisdiction. *See Smotherman*, 755 F. Supp. at 348; *Clements*, 2020 WL 7755656 at *1. Because Davis is a citizen of Oklahoma, Standard Fire is a citizen of Connecticut, and the amount in controversy exceeds $75,000, removal is proper under 28 U.S.C. §§ 1332 and 1441(a).[3]

B. *Timeliness of Removal*

The Bankruptcy Trustee contends that because the Original Action was filed in state court in February 2019, Standard Fire's October 2022 removal is untimely under 28 U.S.C. § 1446(c)(1). *See* Mot. to Remand at 4.

Section 1446(c)(1) provides:

> A case may not be removed under [28 U.S.C. § 1446(b)(3)] on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement

---

[3] While not material to the analysis, complete diversity also exists on the contract and bad-faith claims brought in "the independent garnishment action" by the Bankruptcy Trustee (Oklahoma), as Intervenor Plaintiff, against Standard Fire (Connecticut). *Clements*, 2020 WL 7755656, at *2; *see* Bankr. Tr.'s Pet. at 1, 5; *see also* Bankr. Tr.'s Mot. to Intervene at 2-3 (Bankruptcy Trustee arguing that her claims and defenses "share common questions of fact and law . . . particularly with the garnishment proceedings now at the center of this case" and that intervention will "allow the efficient adjudication of these common issues in a single proceeding").

of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1). Section 1446(b)(3) prescribes in relevant part: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

As discussed, the Original Action terminated when judgment was entered against Gresham. *See Clements*, 2020 WL 7755656, at *2. Under Oklahoma law, a separate garnishment proceeding is commenced upon the filing of an affidavit by the garnisher. *See* Okla. Stat. tit. 12, § 1172; *Spriggs*, 496 F. Supp. at 991. Davis filed his garnishment affidavit against Standard Fire on September 13, 2022—initiating a new, independent action "from which it may first [have] be[en] ascertained that the case . . . ha[d] become removable"—and Standard Fire removed that action on October 3, 2022. 28 U.S.C. § 1446(b)(3); *see Clements*, 2020 7755656, at *2; Garn. Aff. at 11; Notice of Removal at 6.

Accordingly, the removal was timely under § 1446(c)(1), and remand is not warranted on this basis.

C. *Consent of Judgment Debtor*

Finally, the Bankruptcy Trustee argues that the case should be remanded because Standard Fire has not obtained the consent of Gresham to remove the case as required by 28 U.S.C. § 1446(b)(2)(A). *See* Mot. to Remand at 4.

When a civil action is removed under § 1441,

> [g]enerally, all defendants must unanimously join or consent to the removal. The failure to join all proper defendants renders the removal petition procedurally defective. One exception to the rule of unanimity is that a defendant seeking removal does not need the consent of another defendant present in the case if that defendant is a 'nominal' party.

*Hils v. Wal-Mart*, No. CIV-19-1031-HE, 2020 WL 12788378, at *2 (W.D. Okla. Jan. 14, 2020) (internal quotation marks omitted). A named defendant is a nominal party when no relief is sought against him. *See Becker v. Angle*, 165 F.2d 140, 142 (10th Cir. 1948) (discussing "nominal parties with no real interest in the controversy").

In this case, Gresham's liability has already been established in the Original Action. Because the only remaining claims relate to Standard Fire's insurance coverage, the derivative question of the propriety of the garnishment sought against Standard Fire, and Standard Fire's conduct in the Original Action, no real relief is or can be sought from Gresham. Accordingly, the Court concludes that Gresham is a nominal party to this proceeding and that his consent is not required under 28 U.S.C. § 1446(b)(2)(A) for removal.

## CONCLUSION

For the reasons set forth herein, the Motion to Remand (Doc. No. 9) is DENIED.

IT IS SO ORDERED this 12th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge