UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER JOHN DAVIS, ) ) Plaintiff/Judgment Creditor, ) ) v. ) ) DANIEL ROBERT GRESHAM, ) ) Defendant/Judgment Debtor, ) ) and ) ) THE STANDARD FIRE INSURANCE ) COMPANY, ) ) Garnishee, ) ) and ) ) DOUGLAS N. GOULD, trustee of the ) bankruptcy estate of Daniel Robert ) Gresham, Case No. BK-21-13349 ) (Bankr. W.D. Okla.), ) ) Intervenor Plaintiff, ) ) v. ) ) THE STANDARD FIRE INSURANCE ) COMPANY, ) ) Defendant. ) | Case No. CIV-22-871-G |

## AMENDED ORDER

This Order supersedes the Order of the Court issued September 30, 2024. The Court's previous order (Doc. No. 27) is VACATED.

Now before the Court is a Motion to Abate and/or Dismiss (Doc. No. 15) filed by Garnishee/Defendant The Standard Fire Insurance Company ("Standard Fire").

Plaintiff/Judgment Creditor Christopher John Davis ("Davis") has filed a Response (Doc. No. 16), and Standard Fire has replied (Doc. No. 17).

I.   Background

As recounted in the Court's Order of August 21, 2024 (Doc. No. 26), this action stems from a personal injury lawsuit filed in Oklahoma state court by Plaintiff/Judgment Creditor Christopher John Davis against Defendant/Judgment Debtor Daniel Robert Gresham ("Gresham") (the "Original Action"). Standard Fire, Gresham's insurer, defended Gresham in the Original Action. On September 1, 2021, a jury found Gresham liable for money damages, and judgment was entered two weeks later.

On December 30, 2021, Gresham filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), thereby triggering the automatic stay on collections in the Original Action. On July 22, 2022, the Bankruptcy Court lifted the automatic stay for the limited purpose of allowing Davis to seek recovery in the Original Action from any liability insurer of Gresham's.

On September 13, 2022, Davis initiated a garnishment proceeding in Oklahoma state court by filing, in the Original Action, a garnishment affidavit that named Gresham as the judgment debtor, Standard Fire as the garnishee, and the total debt as $3,308,302.75. *See* Garn. Aff. (Doc. No. 1-2, at 11-12) at 11. Standard Fire answered and claimed, among other things, that Gresham was not covered for indemnity under the policy. *See* Non-Cont. & Gen. Garn. Answer  (Doc. No. 1-3) at 1.

The Bankruptcy Trustee for Gresham's bankruptcy estate then moved to intervene to assert claims against Standard Fire. On September 23, 2022, the state court granted the

2

Bankruptcy Trustee's unopposed Motion to Intervene. The Bankruptcy Trustee, as Intervenor Plaintiff, then asserted claims of breach of contract and breach of the duty of good faith and fair dealing against Standard Fire.

On October 3, 2022, Standard Fire removed this action to federal court on the basis of diversity jurisdiction. The Court has denied the Bankruptcy Trustee's request to remand.

II.     *Federal Rule of Civil Procedure 17(a)*

Rule 17(a) of the Federal Rules of Civil Procedure mandates that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The 'real party in interest' principle requires that an action be brought in the name of the party who possesses the substantive right being asserted under the applicable law." *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004) (internal quotation marks omitted). "The district court's decision whether to join or substitute a party as a real party in interest under [Rule] 17(a) is reviewed for an abuse of discretion." *Id.* (internal quotation marks omitted).

III.    *Discussion*

Standard Fire requests that the Court abate, or in the alternative, dismiss the claims asserted against it by Davis pursuant to Rule 17(a). According to Standard Fire, Davis is not permitted to garnish the policy limits of the policy that Standard Fire had issued to Gresham absent an assignment of that right from the Bankruptcy Trustee. There being no showing of such an assignment, "Davis' claims should be abated until such time that he can show ownership of the claims he has pled, and absent such proof within a reasonable time, his purported claims should be dismissed." Mot. to Abate/Dismiss at 3.

Having considered the parties' briefing, the Court concludes that Standard Fire's request for dismissal cannot be disposed of on the current record. While Standard Fire relies upon authorities addressing civil claims from various jurisdictions, Davis asserts that this is solely an issue governed by Oklahoma's garnishment statutes. The parties' versions of the background facts and resulting liability in this matter diverge widely. In addition, Standard Fire's underlying contention that Davis lacks standing to bring his claim implicates the Court's subject-matter jurisdiction under Rule 12(b)(1)—the exercise of which is a threshold issue for the Court to address prior to resolving any issue regarding Rule 17. *See* Fed. R. Civ. P. 12(h)(3); *Brumfiel v. U.S. Bank*, 618 F. App'x 933, 936 (10th Cir. 2015) ("The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights. [Rule 17(a)], which provides that an action must be prosecuted in the name of the real party in interest, essentially codifies this portion of the prudential standing doctrine." (alteration, citation, and internal quotation marks omitted)).

Davis raises no specific objection to abatement, however, and the Court finds that suspension of Davis' claims pending fuller development and consideration of the real party in interest issue is appropriate. *Cf.* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). Underpinning this finding is Standard Fire's legitimate concern that, in light of the Bankruptcy Trustee's status in this action as an intervenor plaintiff, Standard Fire may be subjected to "duplicative liability on the *same* claim for

4

coverage arising out of the *same* incident." Reply at 5; *see also Evans v. Asarco Inc.*, No. 04-CV-094, 2010 WL 711193, at *6 (N.D. Okla. Feb. 24, 2010) ("The purpose of the real party in interest requirement from the defendant's perspective is to insure that the defendant will not later be subjected to a second suit based on the same cause or claim.").

Also pending before the Court is Standard Fire's Motion to Dismiss (Doc. No. 7), seeking dismissal of the claims of the Bankruptcy Trustee. The arguments raised therein are inexplicably intertwined with the issues raised in the instant Motion. The Motion will similarly benefit from a stay to allow the Court's receipt of the parties' input regarding possible oral argument and, potentially, superseding briefing in light of the current status of the litigation and the issues addressed above. *See supra*; *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (discussing the district courts' "broad discretion to stay proceedings" and "power to control its own docket").

## CONCLUSION

For the foregoing reasons, the Motion to Abate and/or Dismiss (Doc. No. 15) is GRANTED insofar as the claims of Plaintiff/Judgment Creditor against Garnishee The Standard Fire Insurance Company are hereby STAYED and HELD IN ABEYANCE pending further order of the Court.

IT IS FURTHER ORDERED that the Motion to Dismiss (Doc. No. 7) and associated deadlines and proceedings are STAYED and HELD IN ABEYANCE pending further order of the Court.

IT IS SO ORDERED this 12th day of September, 2025.

                                                                                              *[signature]*
CHARLES B. GOODWIN
United States District Judge