UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER JOHN DAVIS, | ) |
| | ) |
| Plaintiff/Judgment Creditor, | ) |
| | ) |
| v. | )    Case No. CIV-22-871-G |
| | ) |
| DANIEL ROBERT GRESHAM, | ) |
| | ) |
| Defendant/Judgment Debtor, | ) |
| | ) |
| and | ) |
| | ) |
| THE STANDARD FIRE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Garnishee, | ) |
| | ) |
| and | ) |
| | ) |
| DOUGLAS N. GOULD, Trustee of the | ) |
| Bankruptcy Estate of Daniel Robert | ) |
| Gresham, Case No. BK-21-13349 | ) |
| (Bankr. W.D. Okla.), | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STANDARD FIRE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the Court is a Motion to Dismiss (Doc. No. 15) filed by Garnishee The

Standard Fire Insurance Company ("Standard Fire"). Plaintiff/Judgment Creditor

Christopher John Davis ("Plaintiff") has filed a Response (Doc. No. 16), to which Standard

Fire has replied (Doc. No. 17).  In addition, the Court conducted a status conference and heard argument on the Motion on October 18, 2024, following which both Standard Fire and Intervenor Plaintiff Douglas N. Gould, Trustee of the Bankruptcy Estate of Daniel Robert Gresham ("Trustee"), submitted supplemental briefing.  *See* Doc. No. 34; Tr.'s Br. (Doc. No. 32); Standard Fire's Br. (Doc. No. 33).

## I.    *Background*

This action stems from a personal injury lawsuit filed in February 2019 in Oklahoma state court by Plaintiff Christopher John Davis against Defendant/Judgment Debtor Daniel Robert Gresham ("Gresham").  On September 1, 2021, a jury found Gresham liable for money damages, and on September 15, 2021, the trial court entered judgment for Plaintiff in the amount of $3,126,073.32, with postjudgment interest.  *See* J. Entry of J. (Doc. No. 4-1).  On January 4, 2022, the trial court ordered that Plaintiff was also entitled to a cost award of $12,762.59.  *See* J. Entry (Doc. No. 4-2).

On December 30, 2021, Gresham filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), thereby triggering the automatic stay on collections.  *See In re Gresham*, No. 21-13349-SAH (Bankr. W.D. Okla.).  On July 22, 2022, the Bankruptcy Court lifted the automatic stay for the limited purpose of allowing Plaintiff to seek recovery from Gresham's liability insurer.

On September 13, 2022, Plaintiff initiated a garnishment proceeding in Oklahoma state court by filing, in the state-court lawsuit, a garnishment affidavit that identified Gresham as the judgment debtor, Gresham's insurer Standard Fire as the garnishee, and the total debt owed as $3,308,302.75.  *See* Garnishment Aff. (Doc. No. 4-4).  Standard Fire

answered, *see* Garnishee's Answer (Doc. No. 4-5), and Plaintiff filed a Notice (Doc. No. 4) of his election to take issue with Garnishee's Answer pursuant to title 12, section 1177 of the Oklahoma Statutes.  The record does not reflect that Gresham filed an answer or otherwise responded to the Garnishment Affidavit.

Trustee Gould, as the trustee for Gresham's bankruptcy estate, then moved to intervene to assert claims against Standard Fire.  On September 23, 2022, the state court granted Trustee's unopposed motion to intervene.  Trustee, as Intervenor Plaintiff, asserted claims under Oklahoma law for breach of contract and breach of the duty of good faith and fair dealing against Standard Fire.  *See* Tr.'s Pet. (Doc. No. 8-5).

Standard Fire removed the action to this Court on the basis of diversity jurisdiction on October 3, 2022, and then filed its Motion to Dismiss the garnishment action brought by Plaintiff.  *See* Doc. Nos. 1, 15, 37, 38.  Standard Fire also has separately moved to dismiss Trustee's claims.  *See* Doc. No. 7.

II.    *Summary of the Pleadings*

Because Plaintiff filed a Notice that he "elects to take issue with" Standard Fire's Answer, "the issue shall stand for trial as a civil action in which the affidavit on the part of the judgment creditor shall be deemed the petition and the garnishee's answer the answer thereto."  Okla. Stat. tit. 12, § 1177; *see also* Fed. R. Civ. P. 69(a)(1); *Strong v. Laubach*, 371 F.3d 1242, 1246-47 (10th Cir. 2004).

Plaintiff's Garnishment Affidavit avers as follows:

- Daniel Gresham, as the defendant in the state-court civil case, is indebted to Christopher John Davis, as the plaintiff in the state-court civil case, in the total sum of $3,308,302.75 as of September 13, 2022;

- Plaintiff's counsel believes

  "that Garnishee, The Standard Fire Insurance Company, is indebted to [Gresham] or has property within [Standard Fire's] possession or control[] belonging to [Gresham] or in which [Gresham] has an interest, which is not by law exempt from seizure or sale upon execution, including without limitation coverage available under any insurance policy under which [Gresham] was insured on or around December 4, 2018";

  and

- Plaintiff is not seeking a continuing garnishment.

Garnishment Aff. ¶¶ 2-4; *see* Okla. Stat. tit. 12, §§ 1171(B)(2)(d), 1172, 1173.3.

Standard Fire's Answer alleges that Standard Fire "was not indebted to" Gresham

and did not "have possession or control of any property" belonging to Gresham because:

[Standard Fire] asserts Daniel Robert Gresham is not covered for indemnity and/or Plaintiff is unable to produce sufficient evidence that [Gresham] is covered for indemnity under the policy; therefore there is no insurance coverage applicable to satisfy the judgment creditor's judgment and, therefore, [Standard Fire] does not possess any money or property of Gresham['s] to satisfy the judgment referenced in the Garnishment Affidavit; Plaintiff lacks standing.

Garnishee Answer at 1; *see* Okla. Stat. tit. 12, § 1173.3(E).

## III. *Relevant Standards*

Standard Fire argues that dismissal is required because Plaintiff is not the "real party in interest" and therefore may not prosecute this action. Fed. R. Civ. P. 17(a)(1); *see* Standard Fire's Mot. to Dismiss at 2-6. As Standard Fire does not challenge the Court's subject-matter jurisdiction, the Court considers the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Standard Fire's Mot. to Dismiss at 6 n.4; *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1146 n.4 (10th Cir. 2017).

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted).

IV.    *Standard Fire's Motion to Dismiss*

Standard Fire presents a complicated argument as to why Plaintiff is not the person "who possesses the substantive right being asserted under the applicable law" in this action. *Esposito v. United States*, 368 F.3d 1271, 1273 (10th Cir. 2004) (internal quotation marks omitted). In essence, Standard Fire argues that: (1) Plaintiff's garnishment attempt is in reality a "contract claim" of Gresham's for proceeds on an insurance policy between Gresham and Standard Fire; (2) this contract claim belongs to Gresham's bankruptcy estate; (3) such a claim is assignable; but (4) Plaintiff has not been assigned the claim and (5) Plaintiff may not pursue the claim absent an assignment from Trustee. *See* Standard Fire's Mot. to Dismiss at 2-6 (citing 11 U.S.C. § 541(a)(1); *In re Vitek*, 51 F.3d 530 (5th Cir. 1995)); *see also* Standard Fire's Reply at 2-5; Standard Fire's Suppl. Br. at 13-15.

As noted by Plaintiff, however, Standard Fire's argument "completely ignores Oklahoma garnishment law." Pl.'s Resp. at 4. Under Oklahoma law, "[a] post-judgment garnishment proceeding is a special and extraordinary remedy given only by statute." *Sisk v. Gaines*, 144 P.3d 204, 207 (Okla. Civ. App. 2006) (internal quotation marks omitted). That statute provides:

> Any creditor shall be entitled to proceed by garnishment in any court having jurisdiction against any person whom the creditor, in good faith, believes to be indebted to the creditor's debtor or has possession or control of any property belonging to such creditor's debtor, in the cases, upon the conditions, and in the manner described by law.

Okla. Stat. tit. 12, § 1771; *see Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1237 (10th Cir. 2012). "[W]here the evidence discloses property, not exempt by law, in the hands of the garnishee which is nakedly and admittedly the property of the judgment debtor, the court is authorized to direct its application to the creditor's claim." *Ray v. Paramore*, 41 P.2d 73, 76 (Okla. 1935).

"Garnishment after judgment is an equitable execution and equitable princip[les] should apply." *Willhite v. Willhite*, 546 P.2d 612, 615 (Okla. 1976). Although "the judgment creditor stands in the shoes of the judgment debtor to enforce a liability owed to the latter by a third party—the garnishee," "[a]s against an insurer," the garnishment remedy "is 'in aid of and ancillary to the main action' against the insured and has nothing to do with the merits." *Culie v. Arnett*, 765 P.2d 1203, 1205 (Okla. 1988); *Sisk*, 144 P.3d at 207 (quoting *Spears v. Preble*, 661 P.2d 1337, 1343 (Okla. 1983)). The Oklahoma Supreme Court has explained that the statutory scheme "contemplat[es] . . . the possibility of a denial of liability on the part of a garnishee" but reflects "the legislative intent that

6

such claims should be subject to garnishment, even though they should be in dispute." *Sec. Bldg. & Loan Ass'n of Okla. City v. Ward*, 50 P.2d 651, 655-56 (Okla. 1935); *see* Okla. Stat. tit. 12, §§ 1173.3, 1177, 1182.

Standard Fire's cited authority, while correct as to federal bankruptcy principles generally, does not establish that either Gresham's Chapter 7 filing, or the fact that the Court may have to consider the underlying insurance policy when the garnishment "stands for trial," transforms Plaintiff's claim for equitable execution of the civil judgment against Gresham into Gresham's own claim for breach of contract against Standard Fire. Okla. Stat. tit. 12, § 1177; *cf. Ward*, 50 P.2d at 655 ("[O]ur garnishment statutes provide the procedure to be followed in case disputed or unadjusted claims are involved, thus clearly indicating that such claims are subject to garnishment."); *Sisk*, 144 P.3d at 208-10 (determining coverage under the debtor's insurance policy in a garnishment proceeding). The Court therefore rejects Standard Fire's novel proposition that, under Oklahoma law, the judgment debtor's own bankruptcy estate must assign a judgment creditor the right to garnish money owed by the judgment debtor. Standard Fire has not shown that Plaintiff's garnishment action fails to state a claim upon which relief can be granted under Rule 12(b)(6) or that Plaintiff is not the real party in interest on his postjudgment garnishment under Rule 17(a)(1).

CONCLUSION

The Motion to Dismiss (Doc. No. 15) filed by Garnishee The Standard Fire Insurance Company therefore is DENIED.

IT IS SO ORDERED this 25th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge