UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER JOHN DAVIS, | ) | |
| | ) | |
| Plaintiff/Judgment Creditor, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-871-G |
| | ) | |
| DANIEL ROBERT GRESHAM, | ) | |
| | ) | |
| Defendant/Judgment Debtor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STANDARD FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Garnishee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOUGLAS N. GOULD, Trustee of the | ) | |
| Bankruptcy Estate of Daniel Robert | ) | |
| Gresham, Case No. BK-21-13349 | ) | |
| (Bankr. W.D. Okla.), | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE STANDARD FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is a Motion to Dismiss (Doc. No. 7) filed by Defendant The

Standard Fire Insurance Company ("Standard Fire"), seeking dismissal pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure. Intervenor Plaintiff Douglas N. Gould,

Trustee of the Bankruptcy Estate of Daniel Robert Gresham ("Trustee"), has filed a Response (Doc. No. 12), to which Standard Fire has replied (Doc. No. 14). In addition, the Court conducted a status conference and heard argument on the Motion on October 18, 2024, following which both parties submitted supplemental briefing. *See* Doc. No. 34; Tr.'s Br. (Doc. No. 32); Standard Fire's Br. (Doc. No. 33).

## I.     *Background*

This action stems from a personal injury lawsuit filed in February 2019 in Oklahoma state court by Plaintiff Christopher John Davis against Defendant/Judgment Debtor Daniel Robert Gresham ("Gresham"). On September 1, 2021, a jury found Gresham liable for money damages, and on September 15, 2021, the trial court entered judgment for Plaintiff in the amount of $3,126,073.32, with postjudgment interest. *See* J. Entry of J. (Doc. No. 4-1). On January 4, 2022, the trial court ordered that Plaintiff was also entitled to a cost award of $12,762.59. *See* J. Entry (Doc. No. 4-2).

On December 30, 2021, Gresham filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), thereby triggering the automatic stay on collections. *See In re Gresham*, No. 21-13349-SAH (Bankr. W.D. Okla.). On July 22, 2022, the Bankruptcy Court lifted the automatic stay for the limited purpose of allowing Plaintiff to seek recovery from Gresham's liability insurer.

On September 13, 2022, Plaintiff initiated a garnishment proceeding in Oklahoma state court by filing, in the state-court lawsuit, a garnishment affidavit that identified Gresham as the judgment debtor, Gresham's insurer Standard Fire as the garnishee, and the total debt owed as $3,308,302.75. *See* Garnishment Aff. (Doc. No. 1-2, at 11-12).

2

Standard Fire answered and claimed, among other things, that Gresham was not indemnified under the relevant policy. *See* Garnishee's Answer (Doc. No. 1-3).

Trustee Gould, as the trustee for Gresham's bankruptcy estate, then moved to intervene to assert claims against Standard Fire. On September 23, 2022, the state court granted Trustee's unopposed motion to intervene. Trustee, as Intervenor Plaintiff, asserted claims under Oklahoma law for breach of contract and breach of the duty of good faith and fair dealing against Standard Fire. *See* Tr.'s Pet. (Doc. No. 8-5).

Standard Fire removed the action to this Court on the basis of diversity jurisdiction and then filed its Motion to Dismiss the claims brought by Trustee. Standard Fire also has separately moved to dismiss the garnishment action brought by Plaintiff. *See* Doc. No. 15.

II.   *The Pleading Allegations*

Trustee alleges as follows:

- Plaintiff's civil lawsuit against Gresham in Oklahoma state court was premised on the allegation that, on December 4, 2018, Plaintiff had been seriously injured by Davis' negligent operation of a motor vehicle. *See* Tr.'s Pet. ¶ 6. "The facts of the negligence claims were such that it was clear Gresham bore the vast majority of the fault for the accident, and [Plaintiff's] injuries as a result of the accident are extremely severe." *Id.* ¶ 8.

- At the time of the motor vehicle accident, Plaintiff was insured under a policy issued by Standard Fire. *Id.* ¶ 7. The relevant policy provided liability coverage of $100,000.00 per person and $300,000.00 per accident. *Id.*

3

- On January 7, 2020, Plaintiff's counsel gave Standard Fire "a time-limited demand to settle the case for policy limits of $100,000.00 in exchange for a release in favor of Gresham." *Id.* ¶ 9. Standard Fire refused to settle the case within the time parameters set forth in the demand. *Id.*

- On August 20, 2021, Standard Fire filed a declaratory judgment action in the U.S. District Court for the Western District of Oklahoma, "essentially arguing that there was no coverage under the policy . . . because Gresham acted intentionally." *Id.* ¶ 14.[1] Standard Fire never served this lawsuit and "abandoned and dismissed the Declaratory Judgment Action on November 17, 2021, as it is patently clear that there is coverage for the negligence verdict against Gresham." *Id.* (alleging that the lawsuit "was untimely and brought in bad faith by" Standard Fire).

- Plaintiff's civil claims against Gresham went to trial on August 30, 2021. *Id.* ¶ 11. After three days of trial, the jury found Gresham to be sixty percent (60%) at fault. *Id.* The trial court ultimately entered judgment against Gresham and in favor of Plaintiff in the amount of $3,126,073.32, with postjudgment interest accruing daily. *See id.* ¶ 12.

- Solely as a result of Standard Fire's failure to settle the civil case and the resulting judgment, Gresham was forced to file for bankruptcy. *Id.* ¶ 13.

---

[1] *See Standard Fire Ins. Co. v. Gresham*, No. CIV-21-828-SLP (W.D. Okla.). Standard Fire failed to note the declaratory judgment action in its Notice of Removal or to file a notice of that related case with the Court as required by Local Civil Rule 3.7.

Trustee asserts two claims against Standard Fire: (1) Standard Fire breached the insurance policy by failing to adequately respond to Plaintiff's time-limited demand and settle the civil case within the policy limit in order to protect Gresham from the excess judgment entered by the trial court, *see id.* ¶ 15; and (2) Standard Fire's "failure to adequately respond to the time-limited demand and settle the case within limits" was patently unreasonable and a breach of the duty of good faith and fair dealing imposed upon insurers under Oklahoma law (often referred to as a "bad faith" claim), *id.* ¶ 16 (citing *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080 (Okla. 2005)). Trustee seeks an award of actual and punitive damages, as well as attorney's fees and costs. *See id.* ¶¶ 17-18.

## III.    Standard of Decision

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

IV.   *Standard Fire's Motion to Dismiss*

A.  *Whether Trustee Sufficiently Alleges Damages*

Under Oklahoma law, tort liability for an insurer's breach of the implied covenant of good faith and fair dealing requires "'a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.'" *Harris v. Progressive Direct Ins. Co.*, 740 F. App'x 900, 908 (10th Cir. 2018) (quoting *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 905 (Okla. 1977)). The gravamen of an action for breach of this duty "is the insurer's unreasonable, bad-faith conduct." *Badillo*, 121 P.3d at 1093 (internal quotation marks omitted).

> To state a claim of bad faith against an insurer under Oklahoma law, the claimant must plead the following elements: (1) he was covered under the insurance policy and the insurer was required to take reasonable actions in handling the claim; (2) the insurer's actions were unreasonable under the circumstances; (3) the insurer failed to deal fairly and in good faith toward the insured in the handling of the claim; and (4) the breach of the duty of good faith and fair dealing was the direct cause of any damages sustained by the insured.

*Mass. Bay Ins. Co. v. Langager*, No. 16-CV-685, 2017 WL 3586862, at *2 (N.D. Okla. Aug. 18, 2017) (citing *Edens v. Neth. Ins. Co.*, 834 F.3d 1116, 1128 (10th Cir. 2016);

6

*Badillo*, 121 P.3d at 1093).

Standard Fire challenges Trustee's pleading of damages, arguing that Trustee fails to plausibly plead injury "sustained by the insured" directly caused by Standard Fire's conduct, as necessary for "an actionable bad faith claim." Standard Fire's Mot. to Dismiss at 17 (internal quotation marks omitted).[2] Standard Fire's argument is, essentially, that because Gresham had his debts discharged due to declaring bankruptcy, the $3.12 million judgment did not change Gresham's economic position and therefore does not supply the damages element of Trustee's bad faith claim. *Id.* at 15-22 (citing *Badillo*, 121 P.3d at 1092).

The Court is not persuaded. In *Badillo*, the Oklahoma Supreme Court upheld a jury verdict for the insured on a bad faith claim, explaining that "an insurer's duty of good faith and fair dealing includes the duty to act in a diligent manner in relation to investigation, negotiation, defense and settlement of claims being made against the insured." *Badillo*, 121 P.3d at 1096. In summarizing the factual background of the case, the Oklahoma Supreme Court stated:

> Insured did not have sufficient income or assets to satisfy the Smith judgment. . . . . Insured received legal advice concerning his options relating to the potential for filing bankruptcy or pursuing a claim against insurers for breach of the duty of good faith and fair dealing, in essence, in relation to the handling of the matter prior to suit being filed against him. He chose the

---

[2] Standard Fire attempts in its Reply to expand this argument into one for dismissal of the breach-of-contract claim as well. *See* Standard Fire's Reply at 2. The Court concurs with Trustee that Standard Fire's Motion fails to address the elements of a claim for breach of contract or to seek dismissal outside of the context of Trustee's tort claim. Regardless, Trustee's Petition adequately alleges "damages as a result of" Standard Fire's breach of the insurance policy. *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018); *see* Tr.'s Pet. ¶¶ 9, 12-13, 18.

latter.

*Id.* at 1092.

Standard Fire's contention that this portion of "*Badillo* . . . makes clear that under state law, an insured who opts to for[]go a bad faith claim and instead pursue bankruptcy is no longer entitled to pursue as a financial damage the 'excess judgment' against him," is an overstatement—if not an outright mischaracterization—of the above language. Standard Fire's Mot. to Dismiss at 20-21 & n.16 (arguing that the insured faces a "binary" choice). Having reviewed both *Badillo* and the additional, nongoverning authorities cited in the Motion to Dismiss, the Court disagrees that, under these circumstances, Oklahoma courts would apply Standard Fire's underlying premise: that filing for bankruptcy is an election of remedies that precludes a bad faith claim. Neither *Badillo* nor any authority cited by Standard Fire holds that an insured's declaration of bankruptcy precludes the insured (or the insured's bankruptcy estate) from seeking relief due to the insurer's failure to settle. Rather, the *Badillo* decision treats an insured's possible bankruptcy as a consideration relevant to both an insured's litigation choices and the financial consequences of an insurer's bad-faith conduct. *See Badillo*, 121 P.3d at 1094-95 ("The [request by the plaintiff for the insured to provide a statement] also implicated the extent to which insurers were required to consult, communicate with and inform their insured regarding that request and its potential impact on settlement negotiations/discussions insurers were involved in, as it was insured's assets and his potential bankruptcy (i.e., his financial future) at issue if the matter did not settle for the policy limits.").

Further, dismissal based upon a failure to plead cognizable damages would be inappropriate at this preliminary stage, where the Court "accept[s] as true all well-pleaded factual allegations." *Burnett*, 706 F.3d at 1235; *see* Tr.'s Pet. at 5 (requesting actual damages in excess of $75,000.00 as well as punitive damages in excess of $75,000.00); *see also* Okla. Unif. Civ. Jury Instruction No. 22.4 (prescribing that the jury should fix an amount of damages that will compensate the plaintiff for "any loss" suffered as a result of the insurer's refusal to settle, including "[f]inancial losses," "[e]mbarrassment and loss of reputation," and "[m]ental pain and suffering"). And any dismissal premised upon Standard Fire's contention that Plaintiff has discharged the judgment debt would require the Court to improperly view the facts "in the light most favorable to" Standard Fire, rather than Trustee. *Burnett*, 706 F.3d at 1235.[3]

### B.  *Whether the Bad Faith Claim Is Contrary to Public Policy*

Standard Fire next argues that Trustee's bad faith claim is "barratrous" and subject to dismissal because "it is against public policy for a bankruptcy trustee to manufacture from scratch litigation to enrich the estate through conjuring up complaints against the bankrupt's insurer or attorney that the trustee herself 'made up.'" Standard Fire's Suppl. Br. at 5-7; Standard Fire's Reply at 2-4; *see* Standard Fire's Mot. to Dismiss at 22-26. According to Standard Fire, Trustee may not pursue a claim for bad faith because: (1) Gresham did not complain of any bad faith by Standard Fire prior to filing for bankruptcy;

---

[3] As previously explained by the Court, "[t]he parties strenuously disagree as to whether the Bankruptcy Court has discharged . . . the judgment debt entered in Plaintiff's favor in the underlying state-court action." *Davis v. Gresham*, No. CIV-22-871-G, 2025 WL 2640032, at *2 (W.D. Okla. Sept. 12, 2025).

and (2) Gresham, by omitting any claim against Standard Fire from his bankruptcy petition, swore "indirectly" and "impliedly" "to a subjective belief in the non-existence of such a claim" and "to no dissatisfaction" with Standard Fire.  Standard Fire's Reply at 3, 10; Standard Fire's Mot. to Dismiss at 23 n.18; *see* Gresham Bankr. Pet. (Doc. No. 7-9) at 13.

It is well established, however, that when Gresham filed for bankruptcy, "all legal or equitable interests" of Gresham's became property of his bankruptcy estate, "including causes of action."  11 U.S.C. § 541(a)(1); *Brumfiel v. U.S. Bank*, 618 F. App'x 933, 937 (10th Cir. 2015) (internal quotation marks omitted); *see also Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986).  And "[a] cause of action is considered property of the estate if the claim existed at the commencement of the filing and the debtor could have asserted the claim on his own behalf under state law."  *Bd. of Trs. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 n.5 (3d Cir. 2002) (citing *Butner v. United States*, 440 U.S. 48, 54 (1979)).

Standard Fire's argument relies upon non-Oklahoma, non-bankruptcy decisions and does not persuade the Court that Trustee's claim is subject to dismissal as contrary to Oklahoma public policy.  *Cf. Abibo v. Sunset Mortg. Co.*, 154 P.3d 715, 718 (Okla. Civ. App. 2007) ("Often a debtor fails to properly schedule assets.  Unless they are administered or abandoned, assets which are not properly scheduled remain property of the bankruptcy estate." (citing 11 U.S.C. § 554(d))).

The Court also rejects entirely and gives no weight to Standard Fire's baseless and improper contentions, including that: Trustee is "some litigious third party who is attempting to put words into the bankrupt's mouth" and using Gresham "as an unwilling

10

puppet"; this case is a "bad faith 'set up'" and "a tragic waste of resources"; and Trustee is arguing that Oklahoma law allows alleged tortfeasors to "be held responsible for 'compensatory' financial harm that demonstrably actually does not exist" or allows Trustee to, "for the sole purpose of profit, stir-up [sic] imaginary disagreements between insurers/attorneys and insureds/clients." Standard Fire's Mot. to Dismiss at 23, 26, 27; Standard Fire's Reply at 10. Standard Fire's counsel are reminded of their duties of professionalism and civility owed to both opposing counsel and the Court.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. No. 7) filed by Defendant The Standard Fire Insurance Company is DENIED.

IT IS SO ORDERED this 25th day of March, 2026.

CHARLES B. GOODWIN
United States District Judge

11