## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER JOHN DAVIS,** | ) |
| | ) |
| **Plaintiff/Judgment Creditor,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-22-871-G** |
| | ) |
| **DANIEL ROBERT GRESHAM,** | ) |
| | ) |
| **Defendant/Judgment Debtor,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **THE STANDARD FIRE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Garnishee,** | ) |

| | |
|---|---|
| **DOUGLAS N. GOULD, Trustee of the** | ) |
| **Bankruptcy Estate of Daniel Robert** | ) |
| **Gresham, Case No. BK-21-13349** | ) |
| **(Bankr. W.D. Okla.),** | ) |
| | ) |
| **Intervenor Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE STANDARD FIRE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>ORDER</u>

Now before the Court is a Motion to Bifurcate (Doc. No. 42) filed by Defendant

The Standard Fire Insurance Company ("Standard Fire"). Intervenor Plaintiff Douglas N.

Gould, Trustee of the Bankruptcy Estate of Daniel Robert Gresham ("Trustee") has responded with objections (Doc. No. 43), and Standard Fire has replied.

I.    *Background*

This action stems from a personal injury lawsuit filed in February 2019 in Oklahoma state court by Plaintiff Christopher John Davis against Daniel Robert Gresham ("Gresham"). A jury found Gresham liable for damages, and on September 15, 2021, the trial court entered judgment for Plaintiff. *See* J. Entry of J. (Doc. No. 4-1).

On September 13, 2022, Plaintiff initiated a garnishment proceeding in Oklahoma state court, identifying Gresham as the judgment debtor and Gresham's insurer Standard Fire as the garnishee. *See* Garnishment Aff. (Doc. No. 4-4). Standard Fire answered, *see* Garnishee's Answer (Doc. No. 4-5), and Plaintiff filed a Notice (Doc. No. 4) of his election to take issue with Garnishee's Answer pursuant to title 12, section 1177 of the Oklahoma Statutes.

Trustee Gould, as the trustee for Gresham's bankruptcy estate, then moved to intervene to assert claims against Standard Fire. On September 23, 2022, the state court granted Trustee's unopposed motion to intervene. Trustee, as Intervenor Plaintiff, now asserts claims under Oklahoma law for breach of contract and breach of the duty of good faith and fair dealing (commonly referred to as a "bad faith" claim) against Standard Fire. *See* Tr.'s Pet. (Doc. No. 8-5); Standard Fire's Answer (Doc. No. 41). Standard Fire removed the action to this Court on October 3, 2022.

## II.    Relevant Standard

Pursuant to Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "In deciding whether to separate trials, the Court must consider 'judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury.'" *Ohio Cas. Ins. Co. v. Harrington*, No. CIV-07-725-C, 2008 WL 2962074, at *2 (W.D. Okla. July 29, 2008) (quoting *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 958 (10th Cir. 1996)). "Bifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

## III.    Discussion

Standard Fire argues that Trustee's bad faith claim should be bifurcated and stayed while the parties conduct discovery and a trial on Trustee's claim for breach of contract. *See* Standard Fire's Mot. to Bifurcate at 5-10. Standard Fire argues that, because under Oklahoma law "a determination that benefits were due" "is a prerequisite to a recovery for bad faith breach of an insurance contract for failure to pay," first determining coverage would save the Court and parties' time and expenses. *Id.* at 8-9. Standard Fire also asserts that proceeding on both claims together will likely result in prejudice to Standard Fire due to discovery regarding the insurer's claims handling and confusion for jurors. *See id.* at 9; Standard Fire's Reply at 7-10.

Trustee opposes bifurcation, noting that "Oklahoma state courts would not bifurcate this case."  Tr.'s Resp. at 5 (citing *Buzzard v. McDanel*, 736 P.2d 157 (Okla. 1987)); *see Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1435 (10th Cir. 1993) ("The [Oklahoma Supreme Court in *Buzzard*] held that the question of whether the plaintiff could legally recover from a third-party tortfeasor was not a separable and controlling issue in determining whether the insurer had refused to honor its insurance contract in bad faith."). Trust also argues that the two claims overlap, as the parties will have to address the underlying state-court trial proceedings with respect to both the contract and bad faith claims, and that bifurcating discovery does nothing to alleviate juror confusion.  *See* Tr.'s Resp. at 6-8.

The Court concludes that Standard Fire has not met its burden to show that "separation of trials would serve the ends of convenience and judicial economy" or "that a single proceeding will be prejudicial or unduly confusing."  *Ohio Cas. Ins. Co.*, 2008 WL 2962074, at *2.  "The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course."  9A *Federal Practice and Procedure (Wright & Miller)* § 2388 (3d ed.). The state-court trial proceedings are clearly material to both claims, and "it has not been shown that such a separation is warranted in this case in light of the substantial overlap and interconnection between" Trustee's contract and tort claims.  *Ohio Cas. Co.*, 2008 WL 2962074, at *2.

Although the Court declines to exercise its discretion to order bifurcation at this time, the Court will deny Standard Fire's request without prejudice "so that if future

4

developments reveal the efficacy of separate trials, the [Court] may revisit the issue" upon motion.  9A *Federal Practice and Procedure (Wright & Miller)*, *supra*, § 2388.

CONCLUSION

For the reasons outlined herein, the Motion to Bifurcate (Doc. No. 42) is DENIED without prejudice.

IT IS SO ORDERED this 2nd day of July, 2026.

_____
CHARLES B. GOODWIN
United States District Judge